UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, <br>      Plaintiff, <br><br>             v. <br><br> NUSTART CONSTRUCTION SERVICES CORP., et al., <br>      Defendants. | EDCV 20-928 DSF (KKx) <br><br> Order GRANTING Plaintiff's Motion for Default Judgment and Permanent Injunctive Relief (Dkt. 23) |

   Plaintiff Construction Laborers Trust Funds for Southern California Administrative Company moves for default judgment against the defaulted Defendants in this case. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I.  BACKGROUND

   Defendant Nustart Construction Services Corporation is a contractor that is party to a collective bargaining agreement with the Southern California District Council of Laborers and affiliated unions. Defendant Andre Paul Bailey is the principal shareholder of Nustart. Plaintiff is the administrator of employee benefit plans for the relevant unions.

Defendants were required to contribute to the employee benefit plans certain payments for each employee-hour worked. Plaintiff alleges that Defendants failed to make certain of these payments between August 2017 and February 2019. The contributions and damages owed for the non-payments, including interest, are alleged to have been $56,308.84 as of the filing of the First Amended Complaint (FAC) on May 1, 2020.

## II. JURISDICTION

Where, as here, "entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

The Court has subject matter jurisdiction over this action pursuant to ERISA. See 29 U.S.C. §§ 1132(e)-(f), 1451(c). The Court has personal jurisdiction over Defendants because Defendants' business is headquartered within this District and the acts and omissions that form the basis of the complaint took place in this District.

## III. LEGAL STANDARD

Rule 55(b)(2) permits the Court to enter a default judgment. The Court need not make detailed findings of fact in the event of default. Adriana Int'l Corp. v. Theoren, 913 F.2d 1406, 1414 (9th Cir. 1990). On entry of default, well-pleaded allegations in the complaint regarding liability are generally deemed to be admitted. DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 851 (9th Cir. 2007). Allegations as to damages, however, must be proven. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

The Court considers several factors "in exercising discretion as to the entry of a default judgment includ[ing]: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of the money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong

2

policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV. DISCUSSION

### A. The Eitel Factors Weigh in Favor of Granting Default Judgment

#### 1. Prejudice to Plaintiff

Plaintiff would be prejudiced by a denial of its motion. Plaintiff has alleged facts establishing that Defendants owe the plans it administers certain amounts and Plaintiff has incurred expenses in bringing this action. Defendants may not escape liability by refusing to participate in the judicial process.

#### 2. Merits of Substantive Claims and Sufficiency of Complaint

Employers who contribute to a multiemployer plan under a collective bargaining agreement must make plan contributions in accordance with the terms of the collective bargaining agreement. 29 U.S.C. § 1145.

Plaintiff alleges it discovered that Defendants failed to report and pay contributions to the relevant plans for work done on certain public works projects. Taken as true, these allegations support a finding that Defendants are liable for underpaid contributions.

#### 3. Money at Stake in the Action

The Court must "assess whether the recovery sought is proportional to the harm caused by defendant's conduct." Landstar Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). The damages Plaintiff seeks are provided for in ERISA and in the agreements between the parties and are in line with the liability that Defendants accepted when they entered into the agreements.

### 4. Possibility of Factual Dispute, Excusable Neglect, and Policy Favoring Decisions on the Merits

By failing to appear in this action, Defendants have chosen not to dispute the accuracy of Plaintiff's factual allegations. The policy favoring decisions on the merits does not weigh against entry of default judgment where, as here, Defendants' failure to appear has made a decision on the merits impossible.

### B. Damages, Attorneys' Fees, and Costs

#### 1. Damages and Interest

Plaintiff seeks a sum certain alleged in the complaint along with interest accrued during the pendency of this action. Plaintiff also seeks additional amounts that Plaintiff determined were owed after receiving additional financial information from Defendants. The Court has reviewed Plaintiff's calculations and finds them to be accurate. The total amount of $61,944.72 is to be awarded against Defendant Nustart.[1] A subset of these damages – for withholding vacation contributions from employee salaries but failing to pay those withholdings to the Plans – is joint and several with Defendant Bailey. The total damages to be awarded against Bailey is $12,565.60.[2]

#### 2. Attorneys' Fees and Costs

Plaintiff is entitled to reasonable attorneys' fees incurred as a result of Defendants' failure to pay fringe benefit contributions. See 29 U.S.C. § 1132(g)(2)(D). Defendants will be liable jointly and severally for these fees and costs.

---

[1] This included the amount demanded in the FAC plus missed contributions discovered after the filing of the FAC, liquidated damages on that amount, and accrued interest.

[2] The proposed order is for a different sum that appears to include the costs of the audits undertaken by Plaintiff. Plaintiff does not support making Bailey personally liable for these costs and the only reference to making Bailey jointly liable is in the declaration of Plaintiff's attorney.

Plaintiff seeks fees computed under Local Rule 55-3 in a total amount of $3,771.30, which the Court finds to be reasonable. Plaintiff requests costs of $894 which is also appropriate. Bailey is jointly and severally liable for the $894 in costs and for $1,353.94 of the attorney's fees.

## V.  CONCLUSION

Plaintiff's motion for default judgment is GRANTED.

IT IS SO ORDERED.

Date: December 8, 2020

*Dale S. Fischer*
Dale S. Fischer
United States District Judge